UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

v.

Case No. 23-cr-175 (AMN)

DANIEL QUINTERO,

                Defendant.

_____

# SENTENCING MEMORANDUM ON BEHALF OF DANIEL QUINTERO

/

E. STEWART JONES HACKER MURPHY, LLP

Julie A. Nociolo, Esq.
*Attorneys for defendant Daniel Quintero*
Bar Roll No. 519914
28 Second Street
Troy, NY  12181
(518) 274-5820
jnociolo@joneshacker.com

## I. INTRODUCTION

Daniel Quintero, a 38-year-old man with no prior criminal history, stands before this Court convicted of Receipt of Child Pornography in violation of 18 U.S.C. § 2522A(a)(2)(A). Following his acceptance of responsibility through his plea and presentence investigation interview, Mr. Quintero faces a guideline sentencing range of 97 to 121 months; there is also a 5-year mandatory minimum. This case represents Mr. Quintero first arrest, and his consequent Criminal History Category is I.

## II. FORMULATING A FAIR SENTENCE

It is black letter law that the guidelines are advisory and are simply one consideration among many sentencing factors and that 18 U.S.C. §3553(a) provides the framework and the criteria which the Sentencing Judge must consider. At the end of the analysis the punishment must be just and fair and must meet the fundamental dictate for federal sentencing that the sentencing process shall result in: "a sentence sufficient but not greater than necessary" to achieve the goals of a fair, proportionate, balanced and just sentence.

The following criteria are provided by Section 3553(a):

- the nature and circumstances of the offense, and history and characteristics of the defendant;
- the need for the sentence imposed-
  (A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
  (B) to avoid adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant;
  (D) to provide the defendant education, training, medical care or treatment
- the kinds of sentences available;
- the sentencing guidelines;
- any pertinent policy statements in the guidelines;
- the need to avoid sentencing disparity;
- the need to provide restitution. *See* 18 U.S.C. §3553(a).

The defendant adopts the facts set forth in the Presentence Investigation Report ("PSIR") and the guideline and criminal history category calculations set forth therein. As set forth below, defendant contends that the Court should depart well below the guidelines range. Enclosed with defendant's sentencing memorandum are the following exhibits in addition to character letters filed separately:

| | | |
|---|---|---|
| Exhibit A | Daniel Quintero Psychosexual Assessment (redacted) |
| Exhibit B | STABLE 2007-Static-99R Risk Level Table |
| Exhibit C | Katrina H. Colistra, PsyD Curriculum Vitae |
| Exhibit D | Gianna M. Hatch, Doctoral Candidate Curriculum Vitae |
| Exhibit E | August 24, 2023 Daniel Quintero Treatment Update Letter |
| Exhibit F | March 17, 2023 Daniel Quintero Hannaford Retail Performance Review |

### III. A BELOW-GUIDELINES SENTENCE FOR DANIEL QUINTERO WOULD BE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO MEET THE GOALS OF SENTENCING.

Mr. Quintero's first interaction with the criminal justice system was his arrest for the offense which the Court must sentence him today. Despite the criminal charge carrying a presumption of detention, see 18 U.S.C. § 3142(e)(3)(E), Judge Hummel ordered Mr. Quintero's release with conditions over the government's objection, see Dkt. No. 7; March 10, 2022 Text Minute Entry. Upon Mr. Quintero's plea of guilty to receipt of child pornography, the government had no objection to his continued release through sentencing under the same pretrial conditions, which this Court granted. See May 24, 2023 Text Minute Entry. Mr. Quintero has faced no violations of the terms and conditions of his pretrial release.

3

Because Mr. Quintero was released while his criminal case was pending, he has been able to take proactive steps to address his treatment needs by attending weekly group sessions with New Paradigm Psychological Services. See Exhibit E. Since July 2022, Mr. Quintero has attended weekly 90-minute sessions with peers facing similar offenses and receives treatment according to the Association for the Treatment of Sexual Abusers. Amanda Peltier, M.A., LMHC, the clinical and evaluation coordinator at New Paradigm Psychological Services, reported that Mr. Quintero is engaged in treatment and both receives and provides support to his group members. See Exhibit E; see also Exhibit A at 4 ("Regarding his specific participation Mr. Quintero has been described by his facilitators as engaging, prosocial, and 'quick to give feedback that others might find helpful when managing negative emotions.'"). As indicated by both Ms. Peltier and by Katrina Colistra, PsyD in Mr. Quintero's psychosexual assessment, see Exhibit A at 27 n.10, participation in and successful competition of sex offender treatment significantly reduces a participant's risk of sexual recidivism. Mr. Quintero made clear in his PSIR interview that he welcomes the opportunity to continue treatment while incarcerated. See PSIR ¶ 11.

While on pretrial release, Mr. Quintero also underwent a psychosexual evaluation and risk assessment performed by Dr. Colistra, a licensed psychologist and partner with New Paradigm Psychological Services, PLLC, and doctoral intern Gianna Hatch to assess his risk of sexual recidivism. See Exhibit A. In addition to her private practice, Dr. Colistra previously served as a psychiatric examiner for the Bureau of Sex Offender Evaluation, Assessment, and Treatment for the New York State Office of Mental Health and received clinical training experience at the federal Bureau of Prisons FCC Butner in the Sex Offender Treatment Program (SOTP). See Exhibit B.

Following several hours of psychological testing and an in-person interview with Mr. Quintero, Dr. Colistra opined that compared to other adult male sex offenders Mr. Quintero is at ***very low*** risk to reoffend. See Exhibit A at 1, 27. Dr. Colistra reached her conclusion by, among other things, accounting for Mr. Quintero's test results on actuarial instruments including the Risk Matrix-2000 and the Stable 2007, his participation in sex offender treatment for over a year, and his lack of reoffense or violations while on pretrial release for nearly a year.[1] See id. at 27. Significantly, Dr. Colistra determined that Mr. Quintero does not present with either "persistent sexual deviant interests (e.g. pedophilia) or antisocial personality (e.g. repeated law breaking, lack of remorse, non-compliance with rules)." Id. Dr. Colistra identifies that both these factors "have been repeatedly demonstrated through the research to be the strongest components related to sexual reoffending." Id.

Mr. Quintero's risk level assessment of ***very low*** is consistent with his statement made to probation during his PSIR interview. Mr. Quintero stated the following in response to PO Sheffer's questions regarding his offense conduct:

> The defendant stated he is sorry for his actions and those he hurt. He was originally unable to see the impact of his actions. He reported participation in sex offender treatment via group therapy, through [sic] which he sees he has victims and his actions 'fueled the fire' by searching and downloading (child pornography). He expressed gratitude that he can grow from this experience through group therapy. While in Bureau of Prisons custody, he is amenable to participation in sex offender treatment. He does not foresee any issues with his sex offender registration requirements. Upon release, he plans to live near his family in Texas.

---

[1] Dr. Colistra submitted her report in February 2023. As of today, Mr. Quintero has been on pretrial release since March 2023 or nearly a year and a half without incident.

5

PSIR ¶ 11. Mr. Quintero has expressed to me that he is deeply embarrassed and shameful of his conduct.

Despite his family's enduring support, Daniel wants to protect them from the painful realities of the criminal process. Nevertheless, Sandra and Jesse, Mr. Quintero's parents who reside in Texas, have been present just outside the courtroom door for every court appearance, respecting their son's wishes. Upon learning that their son was arrested, Sandra and Jesse immediately booked a flight and arranged for Daniel's representation all before landing at the Albany airport. During the course of his pending charges, his parents have spent much time with Daniel at his home in Schenectady assisting him with making arrangements for his upcoming incarceration. Both Sandra and Jesse have submitted letters on their son's behalf confirming their continued support of Daniel while he is incarcerated and upon his release.

His parents' active support should not be mistaken for a lack of responsibility on Daniel's part. Much to the contrary, Daniel nearly immediately found new employment upon his termination from his position as an engineering technician with IBM located at the SUNY Polytechnic campus in Albany following his arrest on federal child pornography charges. Certainly, his job search was difficult, and it will come as no surprise that he was unable to secure employment which requires a Bachelor of Science degree in Chemical Engineering. Daniel, however, has always been a worker and found employment at a local grocery store. Rather, than lamenting his circumstance, Daniel proved to be a hard worker and ascended to a new position managing the grocery's delivery department. See Exhibit F.

I asked Daniel to solicit letters from his family and friends to provide to the Court in advance of sentencing. These are the people who know Daniel best, and I respectfully request that

6

the Court review and carefully consider these letters in its assessment of the Section 3553 sentencing factors. Included under separate ECF docket entries are letters from the following individuals:

1. Sandra Quintero
2. Jesse Quintero
3. Laura Earley
4. Tom Quintero
5. Michael Quintero
6. Nicholas Schultz
7. Roberto Guerreo
8. Alfredo & Maria Teresa Arispe
9. Aurelio Guerrero
10. Paul De La Rosa
11. Marsha Heck
12. John Guerra

While there is no guideline chapter or provision that addresses the particular circumstances of Mr. Quintero, considering all of the above, the records and letters submitted herewith, and the PSIR, it is respectfully suggested that a minimally incarcerative sentence representing a significant downward variance from the otherwise-applicable guideline range is the appropriate sentenced in this case. Additionally, Mr. Quintero respectfully requests that the Court recommend that he be housed at a Bureau of Prison facility that has sex offender treatment and is located as close to his family in Corpus Christi, Texas as possible.

## IV.   CONCLUSION

For all the above reasons, Mr. Quintero respectfully urges the Court to sentence him to a minimal period of incarceration.

DATED: September 5, 2023

Respectfully submitted,

E. STEWART JONES HACKER MURPHY, LLP

7

*[signature: Julie Nociolo]*
JULIE A. NOCIOLO, ESQ.
Bar Roll No. 519914
*Attorneys for defendant Daniel Quintero*
28 Second Street
Troy, New York 12180
(518) 247-5820