IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. | 1:23-cr-175 (AMN) |
| | ) | | |
| v. | ) | | |
| | ) | | |
| **DANIEL QUINTERO,** | ) | | |
| | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

### Sentencing Memorandum of the United States

The United States of America ("government"), through the United States Attorney for the Northern District of New York, respectfully requests that the Court impose a term of imprisonment within the applicable U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 97 to 121 months, to be followed by a lifetime term of supervised release.

**1.      Introduction and Factual Background**

On May 24, 2023, defendant pleaded guilty via a plea agreement to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The defendant is currently released on conditions and is scheduled to be sentenced on September 26, 2023 before U.S. District Judge Anne M. Nardacci.

As detailed in the factual basis of defendant's plea agreement, *see* Dkt. 40 at ¶¶ 4-5, over a nearly three-year period, defendant knowingly downloaded and received over the internet approximately 499 videos and 487 images of child pornography on four separate electronic devices and a cloud storage account. *See also* Dkt. 44 [PSIR] at ¶¶ 1-3. The approximately 499 videos are equivalent to 37,425 images of child pornography. *See* U.S.S.G. §2G2.2, comment. (n.6[B][ii]); *see also* PSIR at ¶ 18.

**2.      Statutory Maximum and Minimum Punishments**

The maximum and minimum penalties include: a mandatory minimum term of imprisonment of five (5) years and a maximum term of imprisonment of 20 years (*see* 18 U.S.C. § 2252A[b][1]); a maximum $250,000 fine (*see* 18 U.S.C. §3571[b][3]); a mandatory minimum term of five (5) years of supervised release, with a maximum term of life (*see* 18 U.S.C. § 3583[k]); registration as a sex offender; forfeiture (*see* Dkt. 40 at ¶ 1[f]); restitution to the victims (*see id*. at ¶ 1[c]); and a $100 special assessment (*see* 18 U.S.C. § 3013). In addition, under the Justice for Victims of Trafficking Act, *see* 18 U.S.C. § 3014(a)(3), a non-indigent defendant shall pay $5,000 per count after satisfying all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation. *See id*. at § 3014(b).

**3.      Guidelines Provisions**

The Government adopts the determinations of the PSIR that defendant's total offense level is 30 after acceptance of responsibility (*see* PSIR at ¶¶ 12-26), his criminal history category is I (*see id*. at ¶¶ 27-32), and the resulting recommended range of imprisonment is 97 to 121 months. *See id*. at ¶ 48. Additionally, defendant is subject to a term of supervised release of at least five (5) years, a fine up to $250,000, a mandatory $100 special assessment, a $5,000 additional special assessment, mandatory restitution to his victims, registration as a sex offender, and forfeiture of the property (four electronic devices) used in the commission of his offense. *See* PSIR at ¶¶ 47-64.

4.      **Forfeiture**

Defendant consented to forfeit to the United States the right, title, and interest in the property (four electronic devices) outlined in the plea agreement. *See* Dkt. 40 at ¶ 1(f); *see also* Dkt. 45 (Preliminary Order of Forfeiture of Specific Property).

5.      **Sentencing Recommendation**

The government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 97-121 months imprisonment, to be followed by a lifetime term of supervised release. The government also requests that the Court order defendant to pay his victims the requested restitution outlined in the PSIR:[1] i) $7,500; ii) $5,000; and iii) $10,000. *See* Dkt. 44 at ¶ 61. The government further requests that all of the recommended special conditions contained in the PSIR be imposed. *See* PSIR at pp. 16-17. Such a sentence would be sufficient and not greater than necessary to achieve the goals set out in 18 U.S.C. § 3553(a), including the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant.

Over a nearly three year period, defendant admitted to knowingly receiving approximately 499 videos and 487 images of child pornography on four separate electronic devices, along with a cloud storage account. As described in the factual basis of the plea agreement, these videos and images involved children as young as six (6) to eight (8) years old and included sadistic and/or masochistic conduct. As detailed in the victim impact statements, the actual children depicted in the images and videos were greatly harmed by defendant collecting such images and taking

---

[1] Two victim impact statements were attached to the PSIR. *See* PSIR at ¶ 9 & pp. 18-23. The third victim impact statement, which was submitted by the victim's mother, along with additional materials in support of all of the restitution requests, was provided to Probation and defense counsel via USAFx on August 24, 2023. Should the third victim impact statement not be included in an addendum to the PSIR, the government will provide a copy to the Court prior to sentencing.

perverse pleasure in the sexual abuse and exploitation that they endured. One survivor described the "unending grief" she suffers from because videos of the sexual abuse she experienced is still being viewed by individuals like defendant. *See* PSIR at p. 20; *see also id*. at 22-23.

Based on an individualized assessment of defendant's conduct, as detailed in both the PSIR and the plea agreement, all of the recommended special conditions of supervision (*see* PSIR at pp. 16-17) should be imposed as they are reasonably related to the sentencing objectives. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). In particular, all conditions restricting contact with children are self-evident considering defendant's crime was victimizing children through his viewing of child pornography. Further, conditions restricting defendant's use of computer equipment, both at home and in any future employment, is supported by his use of multiple electronic devices, including cloud storage, to receive and store large volumes of child pornography. Moreover, considering the amount and nature of the child pornography he received, defendant's prohibition of viewing adult pornography is reasonably related to the sentencing factors, and the restriction lasts only until a post-release psychosexual evaluation finds that it is acceptable for defendant to review adult pornography.

The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c). Further, the Government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted September 5, 2023.

CARLA B. FREEDMAN
United States Attorney

By: */s/ Allen J. Vickey*
Allen J. Vickey
Assistant United States Attorney
Bar Roll No. 513696
